IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **ERIC GILMORE and REBECCA MAHONY**, Individually and as Next Friends of K.G., a Minor,<br><br>    Plaintiffs,<br>VS<br><br>**770 IMPORTS, INC., AUTOHAUS 24, LLC, COTTON VALLEY LLC d/b/a UNI COT, FLOATIE KINGS, IMAGINATION OVERDRIVE, INC., and SPIKA PRODUCTS INTERNATIONAL LTD.**<br><br>    Defendants. | § § § § § § § § § § § § § § § § § §    Civil Action No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

      **COME NOW** ERIC GILMORE and REBECCA MAHONY, Individually and as Next Friends of K.G., a Minor (hereinafter collectively referred to as "Plaintiffs"), and allege follows:

### I.

### PARTIES

      1.1    Plaintiff ERIC GILMORE is a resident of Collin County, Texas and the father of K.G., a Minor ("Plaintiff Gilmore").

      1.2    Plaintiff REBECCA MAHONY is a resident of Collin County, Texas and the mother of K.G., a Minor ("Plaintiff Mahony").

      1.3    Defendant 770 IMPORTS, INC. (hereinafter referred to as "770 IMPORTS") is a South Carolina corporation with its principal offices located in Myrtle Beach, South Carolina, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process by serving its Registered Agent for service of process, Daniel Najman, 20533 Biscayne Blvd. #161, Aventura Florida 33180.

1.4     Defendant AUTOHAUS 24, LLC (hereinafter referred to as "AUTOHAUS 24") is a California limited liability company with its principal offices located in Burbank, California, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process by serving its Registered Agent for service of process, Hranush Potikyan, 111 E. Cedar Ave, Suite 102, Burbank, California 91502.

1.5     Defendant COTTON VALLEY LLC d/b/a UNI COT (hereinafter referred to as "UNI COT") is a New Jersey limited liability company with its principal offices located in Edison New Jersey, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process at its principal location, 96 Distribution Blvd., Hellers Ind. Edison, New Jersey 08817.

1.6     Defendant FLOATIE KINGS (hereinafter referred to as "FLOATIE KINGS") is a Florida company with its principal offices located in Miami, Florida, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process at its principal location, 284 NE 60th Street, Miami, Florida 33137.

1.7     Defendant IMAGINATION OVERDRIVE, INC. (hereinafter referred to as "IMAGINATION OVERDRIVE") is a Florida corporation with its principal offices located in Port St. Lucie, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process by serving its Registered Agent for service of process, Edward A. Kevorkian, 1185 SE Mendavia Avenue, Port St. Lucie, Florida 34952.

1.8     Defendant SPIKA PRODUCTS INTERNATIONAL LTD. (hereinafter referred to as "SPIKA PRODUCTS") is a New York domestic business corporation with its principal offices located in New York, New York, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process by serving its Registered Agent for service of process, Leon Cohen, 111 West 33rd Street, Suite 18006, New York, New York 10001.

## II.

## JURISDICTION AND VENUE

2.1     The District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds   Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Plaintiff ERIC GILMORE is a citizen of Texas. Plaintiff REBECCA MAHONY is a citizen of Texas. Defendant 770 IMPORTS, INC. is a corporation incorporated under the laws of South Carolina and it authorized and doing business throughout the state of Texas.  Defendant AUTOHAUS 24, LLC is a limited liability company formed under the laws of California and it authorized and doing business throughout the state of Texas. Defendant COTTON VALLEY LLC d/b/a UNI COT is a company formed under the laws of New Jersey and it authorized and doing business throughout the state of Texas. Defendant FLOATIE KINGS is a company formed under the laws of Florida and it authorized and doing business throughout the state of Texas. Defendant IMAGINATION OVERDRIVE, INC. is a corporation incorporated under the laws of Florida and it authorized and doing business throughout the state of Texas. Defendant SPIKA PRODUCTS INTERNATIONAL LTD. is a domestic business corporation formed under the laws of New York and it authorized and doing business throughout the state of Texas.

2.2     Venue is proper before this Court under 28 U.S.C. § 1391(a)(2) because all or part of the events, conduct, acts or omissions giving rise to this claim occurred in Collin County, Texas.

## III.

## BACKROUND

3.1     On or about July 3, 2018, Plaintiffs purchased a "20x6 Inflatable Air Track Floor Home Gymnastics Tumbling Mat W/ Pump" (hereinafter, "the Air Track Mat w/ Pump") from a friend of the family. The Air Track Mat w/ Pump had been purchased by the friend from Defendants and sold to Plaintiffs unaltered and in the original condition in which it was originally purchased and received. Upon information and belief, Defendants are the designers,

manufacturers, producers, importers, distributors, vendors, and sellers of and/or the marketing entities for the Air Track Mat w/ Pump.

3.2     The Air Track Mat w/ Pump is an inflatable tumbling mat designed to be used for at-home tumbling and gymnastics practice. The air pump that inflates the Air Track Mat w/ Pump (hereinafter, "the Air Pump") was designed and manufactured by Defendant JINHUA HESHUN ELLECTRIC APPLIANCE CO., LTD. Upon information and belief, the Air Pump was imported by Defendants and assembled, packaged, or otherwise paired with the Air Track Mat w/ Pump for sale to consumers in the United States.

3.3     On May 14, 2022, Plaintiff Mahony and her daughter, Minor Plaintiff K.G., were inflating the Air Track Mat w/ Pump outside the home of Plaintiff Mahony. Plaintiffs followed all instructions enclosed with the Air Track Mat w/ Pump. Plaintiffs intended to use the Air Track Mat w. Pump for its intended purpose, to practice gymnastics. As Minor Plaintiff K.G. attempted to move the Air Track Mat w/ Pump, the thumb on her left hand became caught in the opening for the turbine running inside the Air Pump, resulting in severe and permanent injuries, including the severance of a portion of her left thumb.

3.4     Minor Plaintiff K.G. was transported to the hospital immediately following the incident, where she underwent treatment for her severe injuries, but her doctors were unable to reattach the portion of her thumb that were severed by the Air Pump.

3.5     Plaintiffs did not modify the Air Track Mat w/ Pump in any way before using it.

3.6     Defendants' failure to take reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects and safe for consumer use, as well as Defendants' failure to adequately warn consumers of foreseeable dangers related to their product, proximately caused Plaintiffs' injuries and damages.

**IV.**

## CAUSES OF ACTION: ALL DEFENDANTS

4.1     Plaintiffs incorporate and adopt by reference the factual allegations above, for all causes of actions and claims for damages set forth below.

4.2     Whenever it is alleged herein that Defendants committed an act or omission, it includes the acts and/or omissions of the agents, servants and/or employees of the Defendants while engaged in the course and scope of their employment and/or agency for Defendants.

### A. Strict Liability

4.3     The Air Track Mat w/ Pump was sold and delivered to Plaintiffs. At all times prior to delivery, the Air Track Mat w. Pump was in the exclusive control of Defendants, their agents, servants, employees, and/or apparent agents, and was delivered to Plaintiffs without substantial change in its condition.

4.4     The Air Track Mat w/ Pump was used by Plaintiffs as designed and intended by the Defendants, without any change in its condition from the time it left the control of the Defendants until it was used by Plaintiffs.

4.5     The Air Track Mat w/ Pump, which was sold and delivered to Plaintiffs by Defendants and ultimately used by Plaintiffs, was, at the time of sale and delivery, in a defective condition and unreasonably dangerous to the ultimate user.

4.6     The Air Track Mat w/ Pump was defective and unreasonably dangerous in that it was designed in a manner that allowed Minor K.G.'s fingers to enter, become trapped in, and ultimately be severely injured by the turbine inside the Air Pump. Such defect(s) constituted a producing cause of Plaintiffs' injuries and damages.

4.7     The Air Track Mat w/ Pump was defective and unreasonably dangerous because there was a lack of adequate warnings and notices that the Air Pump posed a serious threat of bodily injury in a way not warned of or contemplated by the ordinary user of the product. Such

defect(s) constituted a producing cause of Plaintiffs' injuries and damages.

4.8 The Air Track Mat w. Pump was defective and unreasonably dangerous due to the hazard created by the ability for fingers to enter, become trapped in, and ultimately be severely injured by the turbine inside the Air Pump. Such defect(s) constituted a producing cause of Plaintiffs' injuries and damages.

4.9 As a direct result of the defective design and manufacture of the Air Track Mat w/ Pump, as well as the lack of adequate warnings of the dangers of the design of the Air Track Mat w/ Pump, Plaintiffs sustained the injuries and damages described herein. Had the Air Track Mat w/ Pump not been manufactured, designed, distributed, or sold by Defendants in such an unreasonably dangerous condition, Plaintiffs' injuries and damages would not have occurred.

### B. Negligence

4.10 Defendants are the designers, manufacturers, assemblers, distributors, and/or sellers of the Air Track Mat w/ Pump.

4.11 Defendants owed a legal duty to Plaintiffs to exercise ordinary care in designing and manufacturing the Air Track Mat w/ Pump to ensure that the Air Track Mat w/ Pump was reasonably safe and/or to warn Plaintiffs of an unreasonable risk of harm about which it knew or should have known. Defendants breached this duty by failing to take adequate precautions, failing to provide a reasonably safe product, and failing to adequately warn Plaintiffs of an unreasonable risk of harm. These negligent acts and/or omissions proximately caused Plaintiffs' damages.

4.12 Furthermore, or in the alternative, Plaintiffs will show that Defendants failed to exercise the degree of care that a reasonable and prudent business entity would have under the same or similar circumstances.

4.13 Specifically, Plaintiffs will show the Judge and Jury that Defendants' failure to exercise a degree of care that a reasonable and prudent business entity would have under the same or similar circumstances, and the following acts, omissions, and/or conditions were a direct and proximate cause of Plaintiffs' damages:

    a) Failure to exercise a reasonable degree of care in the design and manufacture of the Air Track Mat w/ Pump;

    b) Failure to warn or give proper notice to Plaintiffs of the unreasonable risk of harm posed by the Air Track Mat w/ Pump;

    c) Negligently giving improper, inadequate, and/or deceptive notice and instructions, placing Plaintiffs in harm's way; and

    d) Such other and further acts and/or omissions constituting negligence, as those terms are understood by law, as may be shown at the trial of this case.

### C. Breach of Express Warranty

4.14    Defendants are the designers, manufacturers, assemblers, distributors, and/or sellers of the Air Track Mat w/ Pump.

4.15    Defendants expressly warranted that their product was safe for ordinary use when used in compliance with the instructions provided.

4.16    Defendants' affirmations regarding the safety of their product formed a basis of the bargain for Plaintiffs, without which the Plaintiffs would not have purchased Defendants' product.

4.17    The Air Track Mat w/ Pump did not conform to the Defendants' affirmations regarding the safety of their product.

4.18    As a direct and proximate result of Defendants' breach of express warranties, Plaintiffs sustained the injuries and damages described herein.

### D. Breach of Implied Warranty of Merchantability

4.19    Defendants are the designers, manufacturers, assemblers, distributors, and/or sellers of the Air Track Mat w/ Pump.

4.20    Defendants impliedly warranted that their product was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality so as to pass without objection in the trade, and conformed to Defendants' own affirmations regarding the Air Track Mat w/ Pump's safety features and overall safe condition.

4.21     Defendants breached their implied warranty of merchantability, as the Air Track Mat w/ Pump did not conform to the Defendants' affirmations regarding the safety features and overall safe condition of the product. The Air Track Mat w/ Pump was not fit for the ordinary purpose for which it was sold or used and was not of fair average quality so as to pass without objection in the trade.

4.22     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs sustained the injuries and damages described herein.

## V.

## DAMAGES

5.1     As a result of the above-described acts of Defendants, Plaintiffs have suffered damages allowed by law for personal injuries in an amount in excess of $75,000.00.

5.2     Plaintiffs are entitled to recover the following items of damages, which are in an amount in excess of the minimal jurisdictional limits of this Court.

- (a) **Past and future medical expenses**:  Plaintiffs have paid and/or incurred reasonable and necessary health care and medical expenses that were caused by the incident in the past and will, in reasonable probability, sustain the same in the future;

- (b) **Past and future physical pain:** Plaintiff K.G. has sustained physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future;

- (c) **Past and future mental anguish**:  Plaintiffs have endured mental anguish in the past and will, in reasonable probability, endure mental anguish in the future;

- (d) **Past and future physical impairment/loss of enjoyment of life**:  Plaintiff K.G. has sustained physical impairment in the past and, in reasonable probability, will continue to sustain physical impairment in the future; and

- (e) **Past and future disfigurement:** Plaintiff K.G. has sustained disfigurement in the past; and, in reasonable probability, will continue to sustain disfigurement in the

future.

## VI.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request the Court to issue citation to Defendants to answer and appear, and that upon final trial by jury of their cause, enter judgment against the above-named Defendants for the following:

1. Actual damages, including past and future mental anguish, and economic damages directly and consequently resulting from Defendants' conduct;

2. Prejudgment Interest, Post-judgment Interest, Court Costs; and

3. Any and all such further relief, in law or equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

*/s/ Kyle H. Dreyer*
**JASON K. BURRESS**
**State Bar No. 24036292**
**KYLE H. DREYER**
**State Bar No. 06119500**
**KYLE R. HEJL**
**State Bar No. 24035578**
**BRIAN L. MINCHER**
**State Bar No. 24052669**
**RACHEL HATTEN**
**State Bar No. 24101883**
**JOSH A. FLIPPIN**
**State Bar No. 24084429**
**GRIFFIN J. SCHEUMACK**
**State Bar No. 24097168**
**Burress Law, PLLC**
**6617 Virginia Parkway**
**McKinney, Texas 75071**
**Tel: (214) 726-0016**
**Fax: (214) 865-7336**
**\*E-Service E-mail: legal@mytexasfirm.com**

**PLAINTIFFS' ORIGINAL COMPLAINT**

**PAGE 9**

*E-Service is only accepted at the above designated e-service e-mail address

**ATTORNEYS FOR PLAINTIFFS**